IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CONSUMERS INSURANCE USA, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | **CASE NO.: 4:11-cv-03861-RBP** |
| ) | |
| **R&R MOTORS, LLC,** an Alabama ) | |
| corporation; **JARROD STATHERS,** ) | |
| an individual, **TAMMY STATHERS,** ) | |
| an individual, **KRISTY STATHERS,** ) | |
| an individual, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION**

This cause comes on to be heard on the Motion for Default Judgment Against Defendant R&R Motors, LLC filed by the plaintiff on March 1, 2012.

<u>Default Judgment Standard</u>

The entry of default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). Default is to be used sparingly however:

> Entry of judgment by default is a drastic remedy which should be used only in extreme situations, as the court has available to it a wide range of lesser sanctions. The former Fifth Circuit has adopted the view that such action is too harsh except in extreme circumstances.

1

> Moreover, we must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.

*Id.* at 1316-17 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11thCir. 1985)).

"[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (per curiam). Furthermore, "[w]hen assessing damages in connection with a default judgment, the Court has 'an obligation to assure that there is a legitimate basis for any damage award it enters.'" *Zuffa,* 2011 WL 1539878 at *3 (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007)).

<u>Facts and Procedural History</u>

The case involves the liability of Consumers Insurance USA, Inc. ("Consumers") under a garage coverage policy issued by it to R&R Motors. The Stathers are the underlying plaintiffs who filed suit against General Motors, LLC, Goodrich Corp, and R&R Motors, LLC on August 11, 2011 in the Circuit Court of St. Clair County, Alabama, Pell City Division for injuries they sustained and the death of a minor child in a motor vehicle accident.  That case is currently pending in the Circuit Court of St. Clair County, No. CV-2011-900179. R&R Motors made a claim to Consumers for insurance coverage under the subject garage policy, demanding defense of the claims made against it by the Stathers as well as demanding indemnity for those claims. Consumers denies any obligation to defend or indemnify R&R Motors.

Consumers filed this complaint for declaratory judgment on November 9, 2011. The defendant R&R Motors was served by certified mail, return receipt requested with the summons and

complaint on November 16, 2011. Under the FRCP a response was due on December 7, 2011. To this day, R&R Motors has failed to answer or otherwise plead to or otherwise respond to the complaint.

## Discussion

While Consumers provides the allegedly relevant provisions of the policy it issued to R&R Motors which detail various conditions for indemnification and defense of claims, Consumers' grounds for declaratory judgment are not self-evident from the face of the policy alone. The Eleventh Circuit has stated that courts must consider whether there is a sufficient basis for relief before granting a default judgment.

## Consumer's Position

Consumers argues that it is not obligated to defend and/or indemnify R&R Motors, LLC in the underlying suit brought by the Stathers against R&R and others. Consumers relies upon a provision in its Garage Coverage Policy issued to R&R called "Endorsement Exclusion - PRODUCT LIABILITY EXCLUSION, Form C1 06 19 05 09 which provides:

> It is understood and agreed that the insurer (Consumer Insurance USA) shall not be liable to make payments for Loss on account of any Claim based upon, arising out of or attributable to any deficiency, malfunction, or defect of any kind product manufactured, designed, distributed, or sold by the insured.

Consumers argues that this Endorsement for Product Liability Exclusion precludes coverage for the claims of the underlying claimants against R&R Motors, LLC because their injuries were caused by an accident they had while driving their GMC Envoy and the accident was allegedly caused by defective parts and/or tires distributed or sold by R&R. Consumers acknowledges that there is no Alabama case law interpreting a similar Endorsement provision in a similar case, but

3

states that courts elsewhere have interpreted such provisions in Consumers' favor. For example, Consumers cites *Abbott v. Meacock*, 746 P. 2d 1 (Ariz. 1987) where the Arizona Supreme Court held that the defendant's negligence in selecting, recommending, and installing tires which were not suitable for their intended use was so inextricably intertwined with the underlying claimants' suit that the case was really a products liability case rather than a negligence case.

Furthermore, Consumers argues that while Alabama follows the general rule of construing insurance policies strictly against the insurer, Alabama courts have also recognized that if the provisions in an insurance policy are plain and unambiguous the terms of the policy must be enforced as written. Consumers states that because the Endorsement for Product Liability Exclusion is plain and unambiguous this court should enforce its terms and declare that it precludes coverage in this case.

## Analysis

Consumers' basic argument is that their policy with R&R excludes coverage because the Stathers' underlying claims sound in products liability rather than mere negligence. It is true that the Endorsement in the Consumers policy excludes coverage for products liability claims. The real issue in this case, however, is whether the underlying claims may fairly be characterized as such. The underlying complaint filed by the Stathers includes two counts stating claim(s) against R&R Motors of negligence/wantonness in selling certain parts for use in the Stathers' vehicle. The complaint alleges:

> [The] defendant R&R Motors, LLC. . .did negligently and/or wantonly inspect and/or install and/or warn and/or [failed to] train their employees to properly inspect and/or install and/or warn and in doing so caused injuries to the plaintiffs including the wrongful death of Shane Stathers and/or additionally violated the warranties of merchantability and/or us[e] and/or fitness.

Though the Stathers' complaint is not entirely clear as to what work R&R employees performed on their vehicle, or what parts they installed, one count in the Stathers' complaint clearly alleges a manufacturer's liability claim under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD") against General Motors, LLC and/or Goodrich Corporation, and the complaint specifically refers to a few allegedly defective parts, including tires. The complaint reads,

> The manufactured items were not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous to the human body when being so used. Said defendant knew, or in the exercise of reasonable care should have known, that said manufactured items were unreasonably dangerous to the human body when being so used in a foreseeable manner when said tire(s) failed and/or structural stability and/or crashworthiness failed and/or roof and/or restrain system failed. Said manufactured items were the proximate cause of the plaintiffs' injuries.

The Arizona case cited by Consumers stands for the proposition that "damages which result when the insured selects the wrong product to meet its customer's needs are covered by products liability insurance, even though the product is not defectively designed or manufactured." *Couch on Insurance*, § 130:1 (citing *Abbott*, 746 P. 2d at 1); see also *CJS Insurance*, § 1414, Products Liability (2012). Under the Arizona court's reasoning, it would appear that the underlying plaintiffs' claims could fairly be characterized as products liability claims rather than negligence or wanton claims, as those terms are used in connection with the insurance policy at issue.

This court has also been unable to find any Alabama case law, or cases from the Eleventh Circuit, interpreting a similar exclusion and involving similar facts. Perhaps the answer lies in the elements of a products liability claim under Alabama law and whether the Stather's negligence claim, as presented, states such a claim, even if the words "products liability" are not explicitly used. Alabama courts have held that "selling a dangerously unsafe product is negligence as a matter of

law." *Atkins v. American Motors Corp.*, 335 So. 2d 134, 141 (Ala. 1976). The Alabama Supreme Court has extended the doctrine of "manufacturer's liability" to include not only the manufacturer but also the supplier and the seller. *Casrell v. Altec Industries, Inc.*, 335 So. 2d 128, 132 (Ala. 1976). The Alabama Supreme Court has explained:

> Under the 'extended manufacturer's liability doctrine,' we opine that a manufacturer, or supplier, or seller, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, constitutes negligence as a matter of law. . . As long as there is a causal relationship between the defendant's conduct and the defective product, he is held liable because he has created an unreasonable risk of harm.

*Id.*

The problem with construing the Stathers' negligence claim against R&R Motors as a products liability claim is that the Stathers do not appear to assert a claim of negligence per se against R&R. The underlying plaintiffs are not alleging that R&R is liable simply because it sold the allegedly defective Goodyear tires to them; they are alleging that R&R is liable because its employees failed to properly inspect and install the tires, thus contributing to the automobile accident. The only aspect of the Stathers' claim against R&R that resembles a traditional products liability claim is that in addition to asserting that R&R employees failed to inspect and/or install the allegedly defective Goodyear tires the underlying plaintiffs also assert, in the alternative, that R&R employees failed to warn the Stathers about the allegedly defective condition of the tires. The Alabama Supreme Court has held, "we acknowledge that Alabama law recognizes a cause of action for failure to warn. A plaintiff has the *option* of alleging failure to warn as a matter of negligence, under the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD"), or both." *Turner v. Westhamptom Court*, LLC, 903 So. 2d 82, 90 (Ala. 2004) (emphasis added).

Therefore, it would appear that under Alabama law, a plaintiff may bring a failure to warn claim as *either* a products liability claim or a simple negligence claim. Alabama courts have not appeared to conflate the two, but rather to recognize them as distinct claims. There is apparently no known instance under Alabama law of a court re-construing a plaintiff's negligence claim as a products liability claim. While Consumer's argument is logical, and may be supported by the courts of other states, there is no clear precedent for its argument under Alabama law.

## Court's Conclusions

The court concludes that there are several reasons for it not to enter a default judgment at this stage.

(1) It is not clear that the Supreme Court of Alabama would hold that the claim(s) against R&R are purely products liability claims or that they could not be both products liability claim(s) and common law negligence and/or wanton claims.

(2) The policy provides that it covers "garage operations." Not only did the subject work of R&R appear, as a matter of common sense, to fall under "garage operations," the policy itself states "'Garage Operations' also includes all operations necessary or incidental to a garage business." There is, at least, an ambiguity in the policy as to the coverage provided.

(3) It is acknowledged that there has been no default by the Strather defendants. It would serve no good purpose, at this stage, to enter a default judgment against R&R prior to considering the position of the Strather defendants.

The motion to enter a default judgment against R&R will be denied.

**DONE** and **ORDERED** this the 28th day of March, 2012.

*/s/ Robert B. Propst*

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**